FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 19, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUAN G.,<br><br>  Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>  Defendant. | No. 1:20-CV-03052-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

   **BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 16, 32. Attorney D. James Tree represents Juan G. (Plaintiff); Special Assistant United States Attorney Summer Stinson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and

---

   [1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION - 1

**REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on October 3, 2012, Tr. 81, alleging disability since January 1, 2006, Tr. 237, due to hearing voices in his head, a learning disability, and psychosis, Tr. 330. The application was denied initially and upon reconsideration. Tr. 159-62, 164-65. Administrative Law Judge (ALJ) Larry Kennedy held a hearing on April 21, 2015. Tr. 42-74. At this hearing, Plaintiff amended his application to a closed period from September 1, 2012 to October 1, 2013. Tr. 50. The ALJ issued an unfavorable decision on September 4, 2015, Tr. 20-31. The Appeals Council denied the request for review on February 15, 2017. Tr. 1-4. Plaintiff filed an action for judicial review on April 13, 2017. Tr. 1580. On May 29, 2018, District Judge Salvador Mendoza, Jr. issued an Order remanding the case to the Commissioner for further proceedings. Tr. 1584-1603.

While the initial application was pending before this Court, Plaintiff filed a second application for Supplemental Security Income on April 12, 2017, Tr. 1549, alleging disability since April 1, 2017, Tr. 1753, due to psychosis, anxiety, bipolar disorder, schizoaffective disorder, esophageal leukoplakia, pain in his leg, back and chest, and sleep apnea, Tr. 1782. The application was denied initially and on reconsideration. Tr. 1656-64, 1667-73. Plaintiff requested a hearing before an ALJ on February 8, 2018. Tr. 1674-76.

On August 11, 2018, the Appeals Council issued an Order remanding the initial application to the Administrative Law Judge and consolidating the initial application and the second application. Tr. 1604-08. On May 13, 2019, Plaintiff's request for a hearing in the second application was dismissed. Tr. 1609-11. On January 16, 2020, ALJ C. Howard Prinsloo held a second hearing and took the testimony of Plaintiff and vocational expert Kimberly Mullinax. Tr. 1505-25. On

February 4, 2020, the ALJ issued a decision finding that Plaintiff had not been under a disability since October 3, 2012, the date the first application was filed. Tr. 1484-96. In his analysis, the ALJ divided the case into two relevant periods: September 1, 2012 through October 1, 2013, and April 12, 2017 to the date of his decision. *Id*. The Appeals Council did not assume jurisdiction under 20 C.F.R. § 416.1484. Therefore, this became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed the Complaint in this case on April 23, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was 26 years old at the date of the first application at issue in this case. Tr. 237. The highest-grade Plaintiff completed was the eighth. Tr. 331. His reported work history includes the positions of baker, cashier, field worker, and wine bottler. Tr. 280, 331. At application, he reported that he stopped working on June 1, 2006 because he went to jail. Tr. 330. At the April 2015 hearing, he testified that he worked at Jack in the Box from 2013 to 2014. Tr. 56-57. Earnings records shows that he earned substantial gainful activity during this time. Tr. 259. He also testified that he was working for a temporary firm called ACTNOW. Tr. 55. At the January 2020 hearing, Plaintiff testified that he stopped working in 2017 because he was hearing voices. Tr. 1511-12.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at

1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the claimant bears the burden of establishing a prima facie case of disability.  *Tackett*, 180 F.3d at 1098-99.  This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work.  20 C.F.R. § 416.920(a)(4).  If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy.  *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-94 (2004).  If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled.  20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On February 4, 2020, the ALJ issued a decision finding Plaintiff was not

disabled as defined in the Social Security Act. Tr. 1484-96.

At step one, the ALJ found Plaintiff had engaged in substantial gainful activity from August of 2013 through October of 2014, but found that there was "no evidence to establish substantial gainful activity during the two periods of issue in this case." Tr. 1487.

At step two, the ALJ determined Plaintiff had the following severe impairments: psychosis disorder; personality disorder; substance abuse disorder; and obesity. Tr. 1487.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 1487.

The ALJ assessed Plaintiff's residual functional capacity and found he could perform medium work with the following limitations: "he is limited to simple, routine tasks. He is able to follow short, simple instructions. He requires minimal supervisor contact and no public contact. He is unable to work cooperatively or as part of a team with coworkers." Tr. 1489.

At step four, the ALJ identified Plaintiff's past relevant work as a fundraiser II, stores laborer, fruit II farm worker, bottling line attendant, janitor, and agricultural produce sorter. Tr. 1494. He found that Plaintiff could perform the past relevant work as a laborer, bottling line attendant, agricultural produce sorter, and janitor. *Id*.

Despite this step four finding, the ALJ made the following alternative finding at step five: considering Plaintiff's age, education, work experience and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically the representative occupations of industrial cleaner, laundry worker II, and marker. Tr. 1495.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from October 3, 2012 through the

date of the decision. Tr. 1496.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) improperly rejecting his symptom testimony and (2) improperly evaluating the medical opinions.

## DISCUSSION

**1. Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were unreliable. ECF No. 16 at 15-18.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

Initially, the ALJ addressed Plaintiff's symptom statements during the first hearing regarding the closed period of September 1, 2012 through October 1, 2013: "I adopt and incorporate by reference the discussion of the claimant's subjective complaints from the last decision," Tr. 1489, and "I adopt and incorporate by reference the discussion of the medical evidence from the prior decision (B6A/9-12). The discussion of the claimant's mental health and substance impairments from the prior decision were not disturbed by the District Court," Tr. 1490. The Order issued by District Judge Mendoza found that the ALJ did not err in his treatment of Plaintiff's symptom statements. Tr. 1598-1600. Therefore, under the

ORDER GRANTING PLAINTIFF'S MOTION - 6

law of the case doctrine, the undersigned cannot readdress this issue. *Stacey v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) ("The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case.").

Next, the ALJ addressed Plaintiff's symptom statements from the second hearing and found that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 1490. In addition to the ALJ's general determination that Plaintiff's symptom statements were "not entirely consistent with the medical evidence," the ALJ provided two reasons for rejecting Plaintiff's symptom statements: (1) they were not supported by Plaintiff's activities of daily living; and (2) they were not supported by Plaintiff's work activity.

The ALJ's general finding that the Plaintiff's symptom statements were not consistent with the objective medical evidence is not specific, clear and convincing. The Ninth Circuit has specifically held that a generic non-credibility finding followed by a summary of the medical evidence does not meet the "specific" portion of the "specific, clear and convincing" standard. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). The Ninth Circuit held that when discussing a claimant's symptom testimony, "[t]he clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) *citing Moore*, 278 F.3d 920, 924 (9th Cir. 2002) (internal citations omitted).[2] Therefore, any reason the Court must "infer" from the

---

[2]The language in *Garrison* identifying the clear and convincing standard as the most demanding required in Social Security cases and continues to be referenced by the Ninth Circuit in decisions since the March 28, 2016 effective

ORDER GRANTING PLAINTIFF'S MOTION - 7

1  ALJ's decision as a reason for rejecting Plaintiff's testimony cannot meet the
2  "specific, clear and convincing standard." *See Brown-Hunter*, 806 F.3d at 494
3  ("Although the inconsistencies identified by the district court could be reasonable
4  inferences drawn from the ALJ's summary of the evidence, the credibility
5  determination is exclusively the ALJ's to make, and ours only to review.  As we
6  have long held, '[W]e are constrained to review the reasons the ALJ asserts.'"
7  citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

8       Here, the ALJ found that Plaintiff's "symptoms are not entirely consistent
9  with the medical evidence," the ALJ then summarized the medical evidence, and
10 concluded that "[o]verall, the longitudinal history of the treatment notes both
11 during the requested closed period and since the time of the claimant's most recent
12 Title XVI application fails to support a finding of disability."  Tr. 1490-91.  This
13 portion of the ALJ's determination rejecting Plaintiff symptom statements was
14 essentially nothing more than a summary of the evidence rejected by the Ninth
15 Circuit in *Brown-Hunter*.  Tr. 1490-91.  Without some specific analysis identifying
16 how Plaintiff's statements were undermined by the medical evidence, this reason
17 fails to meet the specific, clear and convincing standard.

18      The ALJ's finding that Plaintiff's symptom statements were not supported
19 by his reported activities is not specific, clear and convincing.  A claimant's daily
20 activities may support an adverse credibility finding if (1) the claimant's activities
21 contradict his other testimony, or (2) "the claimant is able to spend a substantial
22 part of his day engaged in pursuits involving performance of physical functions
23 that are transferable to a work setting."  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir.
24 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).  "The ALJ must
25 make 'specific findings relating to [the daily] activities' and their transferability to

---

27 date of the S.S.R. 16-3p.  *See Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir.
28 2017).

ORDER GRANTING PLAINTIFF'S MOTION - 8

conclude that a claimant's daily activities warrant an adverse credibility determination." *Id.* (quoting *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005)).  A claimant need not be "utterly incapacitated" to be eligible for benefits. *Fair*, 885 F.2d at 603.

Here, the ALJ found that "[d]espite his impairments, the claimant is able to engage in a full range of daily activities to include helping to care for his children." Tr. 1491.  First, this finding by the ALJ inferred that Plaintiff's symptom statements were inconsistent with his ability to care for his children.  Inferred reasons failed to meet the specific, clear and convincing standard.  *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.").

Furthermore, the Ninth Circuit has warned ALJs against using simple household activities against a person when evaluating their testimony:

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

*Garrison*, 759 F.3d at 1016.  Therefore, this reason fails to meet the specific, clear and convincing standard.

The ALJ's finding that Plaintiff's symptom statements were inconsistent with this work activity is not specific, clear and convincing.  The ALJ found that "while during his hearing the claimant alleged that his functioning worsened, which is why he filed a new application for disability, his earnings record and testimony indicate that he was able to work a seasonal job since the protective filing date and applied for and collected unemployment." Tr. 1490.  The earnings reveals that Plaintiff worked four jobs in 2017 earning a total of $8,582.33 and two

jobs in 2018 earning a total of $11,160.83.  Tr. 1774.  Plaintiff also received unemployment in the third and fourth quarters of 2018 and the first quarter of 2019.  Tr. 1775.  This information demonstrates that Plaintiff earned substantial gainful activity in the first and third quarters of 2018 working through Atlas Staffing, Inc. a temp agency.  Tr. 1775.  *See* "Substantial Gainful Activity" https://www.ssa.gov/oact/cola/sga.html (accessed Aug. 11, 2021).  Plaintiff testified that this job was picking, sorting, and cleaning apples.  Tr. 1511.  He stated that he was taking his medications, but he heard voices and was experiencing paranoia, which is why he stopped working.  Tr. 1511-13.  He argues that this work activity was consistent with Dr. Cline's statements that "even those with schizophrenia can work, just not likely full time or in a high stress environment."  ECF No. 16 at 16 *citing* Tr. 2314.  Here, the ALJ failed to state how Plaintiff's ability to work at substantial gainful activity levels in two nonconsecutive quarters for a temporary employment agency is inconsistent with Plaintiff's statements.  Plaintiff stated that he liked working, but left due to increased symptoms.  Tr. 1512-13.  When asked why he had not returned to work for a year, he stated "I just don't want to deal with all the chaos and voices and stuff."  Tr. 1513.  Therefore, without more than the ALJ's general statement that he worked, this fails to meet the specific, clear and convincing standard.  *See Reddick*, 157 F.3d at 722 ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.").

      Defendant argues that the ALJ found a lack of treatment and improvement with medication as reasons for rejecting Plaintiff's statements.  ECF No. 32 at 6-7.  However, the ALJ never actually found that these undermined Plaintiff's symptom statements.  Tr. 1491.  As such, Defendant's assertion is a *post hoc* rationalization, which will not be considered by this Court.  *See Orn*, 495 F.3d at 630 (The Court will "review only the reasons provided by the ALJ in the disability determination

ORDER GRANTING PLAINTIFF'S MOTION - 10

and may not affirm the ALJ on a ground upon which he did not rely.").

In conclusion, the law of the case doctrine precludes the undersigned from addressing Plaintiff's statements from the first hearing. However, the undersigned finds that the ALJ erred in the treatment of Plaintiff's symptom statements from the second hearing. Remand is appropriate to address these statements pertaining to the second period at issue in this case.

**2.    Medical opinion evidence**

Plaintiff contends the ALJ erred by improperly evaluating the medical opinions. Specifically, he asserts the ALJ erred in rejecting the opinions of Richard N. Jacks, Ph.D., Janis Lewis, Ph.D., William Drenguis, M.D., and R.A. Cline, Psy.D. ECF No. 16 at 7-15. The opinion of Dr. Lewis was addressed in the ALJ's 2015 decision and assigned no weight at that time. Tr. 29. Dr. Jacks' opinion was not discussed in the ALJ's 2015 decision. District Judge Mendoza instructed that these opinions be reweighed on remand. Tr. 1592-96. The opinions of Dr. Drenguis and Dr. Cline were submitted after the ALJ's 2015 decision and addressed initially in the ALJ's 2020 decision. Tr. 1492-93, 1503.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830. The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn*, 495 F.3d at 631. Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" supported by

substantial evidence to reject the opinion. *Lester*, 81 F.3d at 830. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).[3]

### A.    Richard N. Jacks, Ph.D.

On August 2, 2012, Dr. Jacks completed a Behavioral Health Discharge Summary for the Department of Corrections, Tr. 794-96, and a Functional Limitations Rating for 15290 Expediated Medicaid Eligibility Cases form, Tr. 793. He opined that Plaintiff had a marked limitation in eight basic work activities and a moderate limitation in the remaining five basic work activities. *Id*.

In the ALJ's 2020 decision, the opinion was assigned little weight for three reasons: (1) it was rendered while the claimant was incarcerated and close to a time when he was still abusing substances; (2) Plaintiff's impairments improved with treatment and he was able to return to work; and (3) the check list portion of the opinion was inconsistent with his narrative. Tr. 1493.

Here, the first reason provided by the ALJ, that it was rendered while Plaintiff was incarcerated and close to a time when he was still abusing substances, is a general statement and fails to provide any citation to the record in support of

---

[3]This Court notes that Plaintiff's second application was filed after March 27, 2017 change in the Code of Federal Regulations that ended the treating physician rule. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. However, this application was dismissed. Tr. 1609-12. Therefore, the treating physician rule applies to the entire period at issue.

ORDER GRANTING PLAINTIFF'S MOTION - 12

the finding. *Id*. There is no discussion of how Plaintiff's incarceration rendered the opinion unreliable. Likewise, the ALJ's reliance on the opinion's proximity to substance use is inconsistent with the ALJ's next sentence finding substance abuse not material to disability. Without some discussion as to how incarceration or substance abuse rendered the opinion unreliable, this fails to meet the specific and legitimate standard.

Likewise, the ALJ's conclusion that Plaintiff's impairments improved with treatment fails. The ALJ found that Plaintiff's impairments improved with treatment and he was able to return to work. Tr. 1493. However, this is consistent with the September 1, 2012 to October 1, 2013 closed period alleged by Plaintiff. Dr. Jacks' August 2012 opinion coincides with the beginning of this closed period. Therefore, treatment followed by a return to work over a year later does not invalidate the opinion.

The ALJ's third reason for rejecting the opinion, that the check list portion of the opinion was inconsistent with Dr. Jacks' narrative, is not specific and legitimate. The ALJ found that Dr. Jacks' narrative "indicates that the claimant's prognosis is positive if he remains clean and sober." Tr. 1493. He then found that "[t]he records during the requested closed period show good adherence to treatment and do not document the degree of severity reflect[ed] in the check box portion of Dr. Jacks' opinion." *Id*. In his narrative, Dr. Jacks stated the following:

> [Plaintiff] has not developed appropriate work values that would allow him to be on time. Should [Plaintiff] be able to remain free of drugs and alcohol his employability will be pretty positive. If he does return to illegal substances or goes off his psychotropic medication, he will not be able to focus, concentrate, or maintain himself at a work environment.

Tr. 1167. Dr. Jacks also "recommend[ed] 24 months ABD through DSHS." Tr.

///

///

ORDER GRANTING PLAINTIFF'S MOTION - 13

1165.[4]  Here, Dr. Jacks' opinion was that with abstinence from substances and adherence to medical treatment his employment prospective was positive, and he recommended two years of eligibility for benefits intended to mirror the disability requirements of Supplemental Security Income.  Therefore, the ALJ's finding that Plaintiff's good adherence to treatment followed by a return to work over a year later, supports Dr. Jacks' opinion.  There is no internal inconsistency, and this fails to meet the specific and legitimate standard.  On remand, the ALJ will readdress the opinion of Dr. Jacks.

### B.   Janis Lewis, Ph.D.

On September 20, 2012, Dr. Lewis completed a Review of Medical Evidence form for the Washington State Department of Social and Health Services (DSHS).  Tr. 1163.  She reviewed the Washington State Department of Corrections medical reports, which included Dr. Jacks' opinion.  *Id*.  She stated that he was a dangerous mentally ill offender.  *Id*.  She confirmed Dr. Jacks' opinion with an onset of July 26, 2011 and a duration of a year.  *Id*.

In the ALJ's 2020 decision, the opinion was given little weight for four reasons: (1) the opinion was rendered less than a month after the requested closed period; (2) the opinion relies primarily on evidence during a period of time where the claimant was not alleging disability; (3) the opinion was rendered while Plaintiff was incarcerated and shortly after a period of substance abuse; and (4) the

---

[4]Dr. Jacks' reference to "ABD" is to the Washington State program called Aged, Blind, and Disabled, which provides cash assistance to "eligible low-income individuals who are age 65 or older, blind, or determined likely to meet Supplemental Security Income (SSI) disability criteria based on impairment(s) expected to last at least 12 consecutive months."  *See* https://www.dshs.wa.gov/esa/community-services-offices/aged-blind-or-disabled-abd-cash-assistance-program (accessed Aug. 12, 2021).

opinion is not reflective of his daily functioning during the closed period. Tr. 1493. This opinion is based on the opinion of Dr. Jacks, which is to be readdressed on remand. Therefore, this opinion must be addressed again on remand as well.

### C. William Drenguis, M.D.

On December 3, 2017, Dr. Drenguis completed a consultative evaluation of Plaintiff. Tr. 2301-05. He diagnosed Plaintiff with a history of intermittent low back pain with no findings on today's examinations. Tr. 2304. He opined that Plaintiff had no limitations except a lifting/carrying/pushing/pulling capacity limited to 50 pounds occasionally and 25 pounds frequently. Tr. 2305. Further, he stated that Plaintiff "may frequently climb steps, stairs, ladders, scaffolds, ropes, and frequently balance, stoop, crouch, kneel, and crawl." *Id*.

The ALJ assigned the opinion great weight, stating that "Dr. Drenguis['] opinion that the claimant was limited to the medium range of lifting and carrying, but otherwise opined no significant limitations." Tr. 1492. The ALJ's determination did not address the postural limitations opined by Dr. Drenguis. This was an error. Social Security Ruling (S.S.R.) 96-8p states that the residual functional capacity assessment "must always consider and address medical source opinions. If the [residual functional capacity] assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Therefore, the ALJ's determination giving the opinion great weight but not including the postural limitations in the residual functional capacity determination was an error.

### D. R.A. Cline, Psy.D.

On November 8, 2016, Dr. Cline completed a Psychological/Psychiatric Evaluation for DSHS. Tr. 2316-21. Dr. Cline diagnosed Plaintiff with antisocial personality disorder, borderline personality disorder, and unspecified psychotic disorder with a rule out substance induced/exacerbated. Tr. 2318. He opined that Plaintiff had a marked limitation in the abilities to communicate and perform

ORDER GRANTING PLAINTIFF'S MOTION - 15

1  effectively in a work setting, to maintain appropriate behavior in a work setting,
2  and to complete a normal work day and work week without interruptions from
3  psychologically based symptoms. Tr. 2319. He also opined that Plaintiff had a
4  moderate limitation in another seven basic work activities. *Id*. He opined that
5  Plaintiff would be impaired with available treatment for nine to twelve months. Tr.
6  2319.
7        The ALJ gave the opinion little weight for two reasons: (1) the opinion was
8  rendered after the closed period but more than a year prior to Plaintiff's most
9  recent application and (2) the opined limitations were to last only six to twelve
10 months. Tr. 1493.
11       Defendant did not challenge Plaintiff's argument that the ALJ erred in the
12 weight assigned to this opinion. ECF No. 32 at 8-9. While this opinion is dated
13 prior to the second relevant period, it is opined to last into the second relevant
14 period the ALJ was addressing in this case. Therefore, the ALJ will also reweigh
15 the opinion of Dr. Cline upon remand.

**REMEDY**

17       Plaintiff asks the Court to remand this case for an immediate award of
18 benefits. ECF No. 16 at 18.
19       The decision whether to remand for further proceedings or reverse and
20 award benefits is within the discretion of the district court. *McAllister v. Sullivan*,
21 888 F.2d 599, 603 (9th Cir. 1989). Under the credit-as-true rule the Court remands
22 for an award of benefits when (1) the record has been fully developed and further
23 administrative proceedings would serve no useful purpose; (2) the ALJ has failed
24 to provide legally sufficient reasons for rejecting evidence, whether claimant
25 testimony or medical opinion; and (3) if the improperly discredited evidence were
26 credited as true, the ALJ would be required to find the claimant disabled on
27 remand. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Remand is
28 appropriate where there are outstanding issues that must be resolved before a

determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

This case is remanded for additional proceedings because it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. The ALJ will reevaluate Plaintiff's symptom statements in the second hearing and readdress the medical opinions addressed above. Additionally, the ALJ will supplement the record with any outstanding medical evidence pertaining to the second period in question and take testimony from a vocational expert.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 32**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED, in part,** and the matter is **REMANDED** for additional proceedings consistent with this order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED August 19, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE